| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 3:13-cr-26-GFVT-REW-1 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JASON ALLEN WARE, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Movant, | ) | |

*** *** *** ***

This matter is before the court on the Recommended Disposition filed by United States

Magistrate Judge Robert E. Wier. [R. 150.]  The Defendant, Jason Ware, has filed a *pro se*

motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Consistent with local practice,

Judge Wier reviewed the motion and ultimately recommends that the Court deny the § 2255

motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after

service to register any objections to the Recommended Disposition or else waive his rights to

appeal.  In order to receive *de novo* review by this Court, any objection to the recommended

disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific

objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s]

problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).  A general objection that

fails to identify specific factual or legal issues from the recommendation, however, is not

permitted, since it duplicates the Magistrate's efforts and wastes judicial economy.  *Howard v.

Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Ware filed timely objections to the Recommended Disposition. [R. 150.] The Court acknowledges its duty to review Ware's filings under a more lenient standard than the one applied to attorneys, because Ware is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under this more lenient construction, some of the objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Ware's objections will be **OVERRULED**.

## I

Judge Wier's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions the below key facts to frame its discussion and analysis, but, overall, chooses to incorporate Judge Wier's discussion of the record into this Order.

Jason Ware was indicted, along with other defendants, by a grand jury on December 28, 2015, for one count of conspiring to knowingly and intentionally distribute pills containing oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of possession with the intent to distribute pills containing oxycodone in violation of 21 U.S.C. § 841(a)(1). [R. 150 at 2.] Defendant Ware, by way of a plea agreement, pleaded guilty to the conspiracy count on July 22, 2014. [R. 98.]

Ware was subsequently sentenced to ninety-six months of imprisonment, with three months of supervised release to follow [*See* R. 115.]. After the judgment was entered, Ware moved for a new trial and asked the Court to toll the one-year period of limitation for filing a § 2255 motion. The undersigned denied both motions, because Ware had not proceeded to trial in

the first instance and because he did not provide evidence of any extraordinary circumstances requiring tolling of the statute of limitations.  [R. 128.]  Ware then filed the instant § 2255 motion in December 2015.  [R. 132.]

## II

As Judge Wier explained in his Recommended Disposition, Ware's motion asserts three different, but closely related, grounds for relief: (1) that the Unites States violated *Brady v. Maryland*, 373 U.S. 83 (1963) and various Federal Rules of Criminal Procedure by improperly withholding exculpatory and impeachment evidence; (2) that his legal counsel was ineffective because of his failure to pursue, discover, or request the *Brady* materials; and (3) since the Government withheld *Brady* information, the plea agreement was not knowing or voluntary.  [R. 150 at 4.]  Judge Wier explained in detail both the procedural and substantive problems inherent in these claims, which are also inherent in Ware's subsequent objections.  Although the Court agrees with Judge Wier's analysis of the procedural bars applicable to Ware's claims for relief, the Court nevertheless addresses Ware's substantive objections to the Recommended Disposition on the merits for the sake of completeness.

## A

Mr. Ware's first objection insists the Government "withheld exculpatory and impeachment evidence" amounting to a *Brady* violation.  *See Brady*, 373 U.S. 83.  Ware alleges the Government withheld crucial information pertaining to Deputy Sheriff Matt Brown's criminal actions. [R. 152 at 13.]  Brown, a former Franklin County Sheriff's Deputy, was involved in the investigation of Ware's criminal conduct but was later federally indicted and convicted himself.  *See United States v. Matthew Christian Brown*, No. 3:14-cr-8-GFVT (E.D. Ky.).  This objection, however, is properly overruled.

In *Stickler v. Greene*, the Supreme Court articulated three elements that need to be proved by a movant in order to successfully claim a *Brady* violation: (1) the evidence at issue must be favorable to the accused because it is impeaching or exculpatory evidence; (2) that evidence must have been either willfully or inadvertently suppressed by the state; and (3) the defendant must have been prejudiced because of the Government's actions. *See* 527 U.S. 263, 281-82. But even where these three elements are satisfied, no *Brady* violation occurs if the defendant knew or should have known about the information, or if the defendant had access to a source containing the important information. *See, e.g.*, *United States v. Tavera*, 719 F.3d 705, 716 (6th Cir. 2013) (quoting *Jones v. Bagley*, 696 F.3d 475, 487 (6th Cir. 2012)).

As Judge Wier noted, Ware clearly had sources at his disposal to access the information surrounding Deputy Brown's indictment and criminal history. A *Brady* claim does not succeed when the information can be accessed by "looking at public records," *see Storey v. Vasbinder*, 657 F.3d 372, 380 (2011) (quoting *Owens v. Guida*, 549 F.3d 399, 418 (6th Cir. 2008)), and Brown's criminal history and indictment were publicly accessible. Further, Ware claims to have had personal knowledge of Brown's misconduct. When Brady information is this easily accessible to the defense, the Government has no obligation to turn over the information. *See Bell v. Bell*, 512 F.3d 223, 235 (2008). Finally, Ware pled guilty, and "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz*, 536 U.S. 622, 623 (2002). Judge Wier properly explained how Ruiz impacts Ware's case and prevents him from succeeding on this objection. [R. 150 at 12-14.]

**B**

Ware also objects to Judge Wier's analysis of his ineffective assistance of counsel claims.

[R. 152 at 20-23.]  It was imperative, Ware believes, for his legal counsel to collect more information on Deputy Brown's criminal role in the prosecution and for counsel to provide that information to him.  If counsel had, then Ware claims he "absolutely would have proceeded to trial."  [R. 132 at 9.]  In order for Ware to prove ineffective assistance of counsel, he must demonstrate: (1) counsel's performance was deficient; and (2) he was prejudiced by the deficient assistance so as to render his trial unfair.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012).

Ware has not demonstrated his counsel was ineffective by advising him to plead guilty rather than proceed to trial.  The record makes clear that Ware's defense counsel did not make capricious or careless decisions when entering into the plea agreement.  The best way for the Court to decide if legal assistance has prejudiced the defendant in this situation is to first consider whether the "potentially exculpatory evidence" that counsel failed to discover or share with the defendant would have changed the outcome of a trial.  *See Hill v. Lockart*, 474 U.S. 52, 59 (1985).  As Judge Wier writes in his Recommended Disposition, "Ware does not identify how the additional information would realistically have changed his decision to plead guilty."  [R. 150 at 17.]  Beyond his bare assertion to that end, Ware has not convinced the Court that he would have gone to trial if counsel had provided him the information about Deputy Brown or that going to trial would have altered the ultimate judgment issued in his case.  Because Ware has failed to assert concrete, factual allegations to prove he was prejudiced by ineffective assistance of counsel, his claim fails on the merits.

## C

The last objection that Ware asserts as a basis for relief is that his guilty plea was not knowing and voluntary because the Government failed to provide Ware with information about

Deputy Brown.  [*See* R. 150 at 18.]   As discussed above, the Government had no duty to disclose the information about Brown in the context of Ware's plea agreement.  *See Ruiz*, 536 U.S. at 623.

At Ware's rearrangement, the undersigned engaged in a full plea colloquy with the defendant to ensure Mr. Ware was knowingly and voluntarily pleading guilty to the conspiracy charge.  [R. 98.]   Moreover, the plea agreement that Ware signed stated, "The Defendant . . . understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary."  [R. 113 at ¶ 12.]  Given the circumstances surrounding Ware's guilty plea, the Court has no reason to find that Ware did not believe entering the plea agreement was the best decision for him or that Ware did not do so knowingly and voluntarily.

## D

Finally, Ware requests an evidentiary hearing under 28 U.S.C. § 2255, which requires the Court to hold a hearing unless the motion, files, and record contain sufficient evidence to prove that the defendant is not entitled to relief.  [R. 152 at 26-27.]  Case law indicates that "where the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact," no evidentiary hearing is necessary.  *See Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 2013)).  A close reading of the statute, along with looking to relevant case law, suggests that Ware's claims lack the factual substance to warrant an evidentiary hearing.

# III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Wier's thorough analysis of Ware's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See *Slack v. McDaniel,* 529 U.S. 473, 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.      Defendant/Movant Ware's Objections to the Recommended Disposition [R. 152] are **OVERRULED**;

2.      The Magistrate Judge's Recommended Disposition [R. 150] is **ADOPTED** as and for the Opinion of this Court;

3.      The Defendant's § 2255 Petition [R. 150] is **DISMISSED WITH PREJUDICE**;

4.      A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5.      **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 6th day of July, 2017.

Gregory F. Van Tatenhove
United States District Judge