UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 3:13-cr-26-GFVT-REW-1 |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JASON ALLEN WARE, | ) | **&** |
| | ) | **ORDER** |
| Defendant/Movant, | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**I**

Jason Ware was indicted, along with other defendants, by a grand jury on December 28, 2015, for one count of conspiring to knowingly and intentionally distribute pills containing oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of possession with the intent to distribute pills containing oxycodone in violation of 21 U.S.C. § 841(a)(1). [R. 150 at 2.] Mr. Ware, by way of a plea agreement, pleaded guilty to the conspiracy count on July 22, 2014. [R. 98.]

Mr. Ware was subsequently sentenced to ninety-six months of imprisonment, with three months of supervised release to follow. [*See* R. 115.] After the judgment was entered, Mr. Ware moved for a new trial and asked the Court to toll the one-year period of limitation for filing a § 2255 motion. The undersigned denied both motions, because Mr. Ware had not proceeded to trial in the first instance and because he did not provide evidence of any extraordinary circumstances requiring tolling of the statute of limitations. [R. 128.] The statute of limitations began running upon entry of Judgment on January 22, 2015. [R. 115.] Mr. Ware filed a § 2255 motion in December 2015. [R. 132.] This Court dismissed Mr. Ware's § 2255 motion on July 6,

2017.  [R. 171.]

## II

Both before and after this Court's determination, Mr. Ware has filed several motions in an attempt to vacate or reduce his sentence.  This Court now turns to each of them individually.

## A

On August 10, 2016, Mr. Ware filed a motion to recover $5,500 worth of property he believed to be held by the United States.  [R. 151.]  However, the United States has indicated via motion and via affidavit that this property was never in the possession of the United States.  [R. 153.]  Instead, the United States has reason to believe that such property is held by the Franklin County Sheriff's Office.  *Id.* at 2.  The Franklin County Sheriff's Office is not a party to this action, and therefore, Mr. Ware's Motion must be dismissed for lack of jurisdiction.  On October 21, 2016, Mr. Ware filed a second motion to recover the property he believed to be in the possession of the United States.  [R. 163.]  Having already determined this issue, Mr. Ware's second motion will be denied as moot.

## B

Next, Mr. Ware moves to correct his Presentence Investigation Report pursuant to § 2255.  [R. 159.]  The Supreme Court has determined that federal habeas proceedings filed after the one-year statute of limitations must relate back under Federal Rule of Civil Procedure 15(c)(2), meaning they must arise out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  In his December 2015 motion, Mr. Ware claimed the United States withheld exculpatory and impeachment evidence, he suffered from ineffective assistance of counsel for failure to pursue or discover evidence, and his guilty plea was not knowing and voluntary in light of the Government

withholding evidence.  [R. 132.]  The statute of limitations to file § 2255 motions expired on January 22, 2016.

On October 11, 2016, Mr. Ware moved for § 2255 relief to correct his Presentence Investigation Report.  [R. 159.]   This motion was well beyond the statute of limitations.  Mr. Ware does not dispute the accuracy of the enhancement, nor did he object to the PSR at sentencing.  [R. 111.]  Mr. Ware merely states his desire to remove the enhancement.  Such request does not arise out of the same conduct, transaction, or occurrence set forth in the original § 2255 motion pertaining to the alleged undiscovered evidence.  Therefore, this motion must be denied as untimely.

## C

On October 16, 2015, Mr. Ware petitioned for sentence reduction under 18 U.S.C. § 3582(c)(2).  [R. 125.]  This Court denied this motion on November 24, 2015.  [R. 129.]  Nearly a year later, on October 16, 2016, Mr. Ware requested reconsideration and a rehearing.  [R. 160.]  However, Mr. Ware provided neither factual nor legal error in the Court's judgment, and the Court concludes he has not demonstrated the earlier analysis was erroneous.  This motion must also be denied.

## D

Mr. Ware then filed a "Notice for Record of Third Party Interest."  [R. 162.]  However, the text of this motion relates to civil insurance claims, not criminal cases.  *Id.*  This case has no financial settlement, and therefore, no reason for a third party to have interest in such settlement.  Accordingly, this motion is denied as moot.

## E

Finally, Mr. Ware requests reconsideration of this Court's denial of his § 2255 motion.

[R. 173.]  Because a § 2255 is a civil proceeding, the Court construes this as a Motion for Relief

From a Judgment or Order under Federal Rule of Civil Procedure 60(b).  Under Rule 60(b), the

court can relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1)     Mistake, inadvertence, surprise, or excusable neglect;
> (2)     Newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3)     Fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> or misconduct by an opposing party;
> (4)     The judgment is void;
> (5)     The judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6)     Any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b).  Mr. Ware does not address any of these items, but merely raises

substantively similar objections to those he raised in his Objections to the Magistrate Judge's

Report and Recommendation.   [*Compare* R. 151 *with* R. 173.]  Without such reasons, Mr.

Ware's Rule 60(b) motion must be denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as

follows:

1.     Mr. Ware's Motion to recover property [**R. 151**] is **DENIED**;

2.     Mr. Ware's Motion [**R. 159**] is **DENIED**;

3.     Mr. Ware's Motion [**R. 160**] is **DENIED**;

4.     Mr. Ware's Motion [**R. 162**] is **DENIED AS MOOT**;

5.     Mr. Ware's Motion [**R. 163**] is **DENIED AS MOOT**;

6.     Mr. Ware's Motion [**R. 173**] is **DENIED**.

This the 1st day of February, 2018.